# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 17, 2011

Lyle W. Cayce
Clerk

No. 10-50449
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ARMANDO BAHENA-BAHENA,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-3423-1

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:*

Armando Bahena-Bahena appeals the sentence imposed following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. Bahena contends his within-Guidelines sentence is substantively unreasonable because it was greater than necessary to satisfy the sentencing goals outlined in 18 U.S.C. § 3553(a). In that regard, Bahena asserts: the unlawful-reentry guideline is not empirically based and effectively double counts his prior conviction; he is prejudiced by a disparity between sentencing districts that employ "fast track programs" (providing decreased sentences to defendants who agree to quick guilty pleas) and the one in which he was sentenced that does not

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

have that program; and his sentence fails to account for his history, circumstances, and motives for returning to the United States.

The substantive reasonableness of the within-Guidelines sentence is reviewed for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008) (internal citations omitted).

As Bahena concedes, his assertion that the Guideline on which his sentence was based, § 2L1.2, is unsupported by empirical data and effectively double counts his prior conviction is foreclosed by our precedent. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009) (rejecting defendant's contention that because his unlawful-reentry offense effectively double counted his previous crime and was unsupported by empirical data, the presumption of reasonableness did not apply); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009) (sentence enhancement pursuant to Guideline § 2L1.2, following conviction under 8 U.S.C. § 1326 for unlawful reentry, is afforded presumption of reasonableness despite such not being empirically based). He raises the issue only to preserve it for possible further review.

Similarly, Bahena concedes as foreclosed his assertion about the district in which he was sentenced lacking a "fast track" program. *United States v. Gomez-Herrera*, 523 F.3d 554, 562-63 (5th Cir. 2008) ("[A]ny sentencing disparity resulting from fast track disposition programs is not unwarranted [within the meaning of § 3553(a)(6)] as the disparity was also intended by Congress".). He raises this issue only to preserve it for possible further review.

Bahena's disagreement with the district court's balancing of the § 3553(a) factors does not suffice to show error. *See Gomez-Herrera*, 523 F.3d at 565-66. The district court considered, and rejected, Bahena's bases for a sentence below

the advisory Guidelines sentencing range. "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant". *Campos-Maldonado*, 531 F.3d at 339. Even if our court would have considered imposing a different sentence, that would be "insufficient to justify reversal of the district court". *Gall*, 552 U.S. at 51.

AFFIRMED.